IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PRODUCERS CREDIT CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:18-CV-150(MTT) |
| ) | |
| CHARLES A. FLETCHER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Third Party Defendants Rob Fletcher, Angela Fletcher, and Silver Dollar Farms[1] have moved to stay the case pending arbitration and compel arbitration of the claims between Third Party Plaintiff Charles A. Fletcher and the Third Party Defendants. Doc. 21. After careful consideration, the Court concludes that the Third Party Defendants have waived their contractual rights to arbitration. Accordingly, the motion is **DENIED**.

## I. BACKGROUND

This matter arises from an alleged non-payment of a debt owed to Producers Credit Corporation ("PCC") by Charles Fletcher. Docs. 1; 8. After PCC sued Charles for failing to pay a promissory note, Charles filed a third party complaint against the Third Party Defendants, alleging that the Third Party Defendants are liable to him for all or part of the claim asserted against him by PCC. *See generally id.*

---

[1] Third Party Defendant Rob Fletcher Farms, LLC is not a party to this motion, as it was not a party to the arbitration agreement at issue. Docs. 21; 21-2; 26 at 2 n.1.

In the underlying claim, which was filed on May 2, 2018, PCC alleges that Charles failed to pay a promissory note.[2]  Doc. 1.  Charles filed his third party complaint on May 24, 2018, alleging that he, Rob, and Angela entered into a partnership agreement, creating Silver Dollar Farms.  Doc. 8 ¶ 11.  The Agreement required the parties to "indemnify each partner in respect of payments made and personal liabilities reasonably incurred by each partners [sic] in the ordinary and proper conduct of the partnership business or for the preservation of the business or property of the partnership."  *Id.* ¶ 17.  Charles alleges that the debt he incurred from PCC was "intended solely for the benefit" of Silver Dollar Farms, and the Third Party Defendants are thus also liable for the PCC debt.  *Id.* ¶¶ 23, 35-36.

The parties engaged in the following litigation activity up until the filing of its motion to compel arbitration: (1) the Third Party Defendants filed an answer to the third party complaint, wherein the Third Party Defendants admitted that the first ten pages of the Agreement—including the arbitration clause—were true and correct, but yet did not raise the issue of arbitration (Doc. 14); (2) both parties participated in a Rule 26(f) conference and prepared and filed a joint scheduling and discovery order, which does not mention arbitration, but rather announced the parties', including the Third Party Defendants', intentions to engage in all types of discovery permissible under the Federal Rules of Civil Procedure, e.g., interrogatories, requests for production of documents and admissions, and depositions (Doc. 18); and (3) since the entry of the scheduling and discovery order on August 9, 2018, both parties participated in discovery, including providing and amending initial disclosures, and, significantly, the

---

[2] The Third Party Defendants were not named parties in the first case brought by Producers Credit Corporation against Charles Fletcher.  Doc. 1.

Third Party Defendants noticed and took Charles' deposition (Docs. 26-1; 26-2; 26-3; 27 ¶ 3).

On November 12, 2018, one day before Charles' noticed deposition, the Third Party Defendants moved to stay the case and compel arbitration pursuant to Article XVIII of the Agreement creating Silver Dollar Farms. Doc. 21. Nonetheless, the Third Party Defendants proceeded with the deposition. Docs. 26-3; 27 ¶ 3.

Article XVIII of the Agreement provides,

> It is agreed that disputes arising under this agreement, or under any instrument made to carry out the terms of this agreement, shall be submitted to arbitration in accordance with the arbitration laws of the State of Georgia.

Doc. 8-1 at 9. Charles filed a response, arguing that the Third Party Defendants have waived their rights to arbitration. Doc. 26 at 6. The Third Party Defendants did not file a reply.

## II. DISCUSSION

In response to the Third Party Defendants' motion to stay the case and compel arbitration, Charles does not challenge the existence of the arbitration agreement, the applicability of the Federal Arbitration Act,[3] or the premise that his claims are covered

---

[3] Because the parties do not dispute that their Agreement affected commerce, the Court will apply the Federal Arbitration Act as the parties do. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1369 (11th Cir. 2005) (stating that the plaintiffs' argument that their agreement with the defendant did not affect commerce so the FAA did not apply lacked merit because of the broad applicability of Congress' Commerce Clause power); *see also DiMambro-Northend Assocs. v. Blank-Alvarez, Inc.*, 251 Ga. 704, 706, 309 S.E.2d 364, 367 (1983) (holding that where there is even minimal interstate commerce, the FAA applies); *but see N. Augusta Assocs. Ltd. P'ship v. 1815 Exch., Inc.*, 220 Ga. App. 790, 792, 469 S.E.2d 759, 762 (1996) (holding that "state law may apply where parties agree to be bound by state arbitration law, so long as that law does not conflict with the FAA"). However, the Court notes that the partnership agreement provides for application of Georgia law. Doc. 8-1 ¶ 9. In any event, arbitration appears to be more easily waived under Georgia law than under the FAA. *See Langfitt v. Jackson*, 284 Ga. App. 628, 633 644 S.E.2d 460, 464 (2007) ("Georgia courts have held that where a party engages in the litigation process [through any type of discovery] before seeking to enforce his right to arbitrate, he has waived that right.")

by the arbitration agreement.  Doc. 26.  Rather, Charles contends that the Third Party Defendants, through their conduct in this litigation, have waived their rights to demand arbitration under the Agreement.  *Id.* at 6.  As a threshold matter, questions of whether a party, by earlier litigating in court, has waived its right to arbitrate is presumptively for the courts—and not the arbitrators—to decide.  *Grigsby & Assocs., Inc. v. M Sec. Inv.*, 664 F.3d 1350, 1353 (11th Cir. 2011).  "This presumption leaves the waiver issue to the decisionmaker with greater expertise in recognizing and controlling abusive forum-shopping."  *Id.* at 1354 (citations omitted).  Thus, absent "clear and unmistakable evidence of an agreement to the contrary, disputes regarding conduct-based waiver are left to the courts to decide."  *Plaintiff's S'holders Corp. v. S. Farm Bureau Life Ins. Co.*, 486 F. App'x 786, 789 (11th Cir. 2012) (quotation marks and citations omitted).  Here, the Third Party Defendants have not shown "clear and unmistakable evidence" that the parties intended to arbitrate the issue of waiver.  In fact, the Third Party Defendants do not discuss this threshold matter in their brief.  Accordingly, the Court, and not an arbitrator, will decide whether the Third Party Defendants have waived their rights to arbitrate.

While the FAA, which governs the Third Party Defendants' motion, creates a strong federal policy favoring enforcement of arbitration agreements, a party may, by its conduct, waive its rights to arbitration.  *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (citations omitted).  This determination is made using a two-part test.  First, courts decide if, under the totality of the circumstances, the party has acted inconsistently with its arbitration rights, such as by "substantially invok[ing] the litigation machinery prior to demanding arbitration."  *Garcia v. Wachovia Corp.*, 699

F.3d 1273, 1277 (11th Cir. 2012) (citations omitted).  Second, courts examine whether those inconsistent actions by the movant have "in some way prejudiced the other party," based on factors such as "the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process."  *Id.* (citations omitted).  And because federal policy strongly favors arbitration, the party arguing waiver "bears a heavy burden of proof" under this two-part test.  *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 n.17 (11th Cir. 2011) (citations omitted).  Charles has met that burden.

Here, it is clear that the Third Party Defendants waived their rights to arbitration under the two-part test.  First, given the totality of the circumstances, the Court concludes that the Third Party Defendants have acted in a manner inconsistent with their contractual rights to arbitrate.  As mentioned above, the Third Party Defendants actively and substantially participated in this litigation and failed to raise the arbitration issue, despite having many opportunities to do so.  The Third Party Defendants filed their answer; participated in a Rule 26(f) conference and prepared and filed a joint scheduling and discovery order; and participated in discovery, including providing initial disclosures and taking Charles' deposition.  The Court agrees with Charles that all of these actions clearly suggest that the Third Party Defendants intended to invoke the jurisdiction of this Court to resolve its disputes rather than seek the remedy of arbitration.

Second, the Third Party Defendants' actions have prejudiced Charles.  Generally, a delay in seeking arbitration weighs in favor of finding waiver.  *See Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995).  Here, the Third Party Defendants made no effort to invoke their arbitration

rights until after actively participating in discovery. While delay alone does not necessarily waive one's right to arbitrate, waiver is found when the delay is "coupled with other substantial conduct inconsistent with an intent to arbitrate." *Grigsby & Assocs., Inc. v. M Sec. Inv.*, 635 F. App'x 728, 733 (11th Cir. 2015). As noted in his brief, Charles was prejudiced by the Third Party Defendants by undergoing "'the types of litigation expenses that arbitration was designed to alleviate.'" Doc. 26 at 7 (quoting *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014)). Because the Third Party Defendants did not file a reply brief, the Court has no idea why they litigated rather than sought to timely enforce their arbitration rights.

Furthermore, "discovery is not guaranteed in arbitration and arbitrators have broad discretion as to grant or deny the ability to obtain discovery." *Rintin Corp., S.A. v. Domar, Ltd.*, 374 F. Supp. 2d 1165, 1170 (S.D. Fla. 2005), *aff'd*, 476 F.3d 1254 (11th Cir. 2007). It is far from certain whether discovery would have been necessary to arbitrate the claims. Put another way, had the Third Party Defendants asserted their rights to arbitration prior to engaging in discovery, an arbitrator may have adjudicated the claims between the Third Party Defendants and Charles without requiring such discovery. In any event, what is certain is that the parties have engaged in substantial litigation activity up to this point and, thus, Charles should not have to endure the added burden of commencing anew its quest for relief against the Third Party Defendants within the context of an arbitration proceeding.

## III. CONCLUSION

For the foregoing reasons, Charles has met the heavy burden of showing that the Third Party Defendants have waived their rights to arbitration. Accordingly, the Third Party Defendants' motion to stay the case and compel arbitration (Doc. 21) is **DENIED**.

**SO ORDERED**, this 23rd day of January, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT